**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| DEBBY RUSSO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-4199-CV-C-DW-SSA |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Debby Russo seeks judicial review of the decision of the Commissioner of Social Security Administration denying her application for benefits under Title II of the Social Security Act. The February 25, 2002 decision found Plaintiff met the requirements for disability from July 22, 1999 through May 30, 2001, but found she was no longer disabled under the Act after May 30, 2001. Plaintiff has exhausted all of her administrative remedies and therefore judicial review is now appropriate. See 42 U.S.C. §§ 405(g), 1383(c)(3). After carefully examining the entire record, the Court affirms the Commissioner's decision for the reasons set forth below.

    I.    STANDARD OF REVIEW

The court's role on review is limited to determining whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough so that a reasonable mind find it adequate to support the conclusion. Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). The court must consider not only evidence that supports the Commissioner's decision but also evidence that detracts from it. Id. If substantial evidence supports the

Commissioner's findings, this court must affirm, even if there is evidence that supports a contrary determination. Strongson v. Barnhart, 361 F.3d 1066, 1070 (8th Cir. 2004). Thus, the Court will not "reweigh the evidence or review the factual record *de novo*." Naber v. Shalala, 22 F.3d 186, 188 (8th Cir. 1994).

II.   DISCUSSION

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated herein only to the extent necessary. Plaintiff asserts that the Administrative Law Judge ("ALJ")[1] committed four errors, specifically that the ALJ erred by: (1) not properly assessing Plaintiff's credibility, (2) not properly considering Plaintiff's multiple impairments, (3) not properly determining Plaintiff's Residual Functional Capacity ("RFC"), and (4) not posing a proper hypothetical question to the vocational expert. Plaintiff's allegations of error are addressed in turn.

A.   Credibility Assessment

The ALJ found that Plaintiff had experienced medical improvement related to her ability to work as of May 30, 2001. Plaintiff apparently challenges the ALJ's credibility determination justifying this finding. Specifically, Plaintiff argues that the ALJ did not follow correct legal standards in assessing Plaintiff's subjective pain when making his credibility determination. Plaintiff further contends that the ALJ did not fully develop the record and substituted his own opinion for that of medical opinion found within the record.

The burden of deciding questions of fact, such as the credibility of Plaintiff's subjective complaints of pain, rests primarily with the Commissioner and not with the courts. Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003). The court normally defers to the ALJ's credibility determination when the ALJ discredits the claimant's subjective complaints and gives good reason

---

[1] The Honorable Lloyd Kelley, III.

for doing so. Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003). The ALJ must consider all the evidence presented by Plaintiff when evaluating pain or other subjective complaints. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). In doing so, the ALJ should examine factors such as (1) objective medical evidence, (2) the claimant's daily activities, (3) the duration, frequency and intensity of the pain, (4) any precipitating and aggravating factors, (5) the dosage, effectiveness and side effects of medication, and (6) the claimant's functional restrictions. Id. The ALJ is not required to discuss each of these factors methodically so long as the factors are acknowledged and considered. Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004). The central question is not whether the claimant has pain, but whether the credible subjective complaint will prevent her from sustaining employment. Gregg v. Barnhart, 354 F.3d 710, 713-14 (8th Cir. 2003).

The ALJ reviewed multiple factors in his credibility analysis. (R. 20.) He examined Plaintiff's medical records, information from treating physicians and therapists, work history, and daily activities. (R. 19-21.) The examination revealed inconsistencies between the degree of pain alleged by Plaintiff and the evidence on the record as a whole. As an example, the ALJ noted that Plaintiff had quit prior work for reasons other than medical impairments and could perform various physical activities on a day-to-day basis. (R. 20.) The ALJ is entitled to discount subjective complaints of pain when there are inconsistencies on the record. Polaski, 739 F.2d at 1322; See McGinnis v. Charter, 74 F.3d 873, 874 (8th Cir. 1996).

The ALJ found Plaintiff's disability not credible after the date of May 30, 2001. (R. 22.) Plaintiff challenges this decision arguing that the ALJ substituted his own opinion for that of a physician. (Pl. Brief at 19.) Plaintiff's argument is without merit. Responsibility for the final determination of disability lies with the Commissioner. See Nelson v. Sullivan, 946 F.2d 1314,

3

Case 2:04-cv-04199-DW   Document 14   Filed 03/20/06   Page 3 of 6

1316-17 (8th Cir. 1991) (holding even opinions of a treating physician as to the ultimate issue of disability are not controlling). Ultimately, the burden to establish disability rests with the claimant. The ALJ is permitted to consider Plaintiff's failure to seek regular medical treatment for her alleged pain when assessing Plaintiff's credibility. Bentley v. Shalala, 52 F.3d 784, 786 (8th Cir. 1995) (Plaintiff's failure to seek treatment during the claimed disabling period can be an indication of tolerable pain). Here, the ALJ noted that after May 30, 2001, Plaintiff failed to show up for a scheduled appointment for a lumbar sympathetic block and that treatment notes by Dr. McDonald indicated she was doing better. For these reasons, the Court finds that there is substantial evidence on the record as a whole supporting the Commissioner's credibility determination.

      B.     Multiple Impairments

Plaintiff claims that the ALJ failed to consider the effects of Plaintiff's multiple impairments. Where, as here, the ALJ separately discusses each of the claimant's impairments and then bases his decision on the evidence as a whole, the impairments in combination were sufficiently considered. Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992). The ALJ is not obligated to elaborate his decision any further. Id. Notably, Plaintiff does not articulate which impairments were not considered by the ALJ in her brief. A review of the record indicates the ALJ considered Plaintiff's alleged mental impairments as well as her physical impairments. (R. 18-20.) Because the ALJ considered Plaintiff's multiple impairments in his decision and the ALJ's decision was based on the entire record, the Court finds no error in this determination.

      C.     Residual Functional Capacity

The ALJ found Plaintiff had the RFC to perform a wide range of light work. (R. 22.) Plaintiff claims that the ALJ erred in this determination because he did not adequately consider Plaintiff's

4

exertional and nonexertional capacity to sustain work activities. (Pl. Brief at 21.) The Commissioner determines the RFC based on all the relevant evidence, including all the medical records, observations by treating physicians, and claimant's own assessment of her abilities. McGeorge v. Barnhart, 321 F.3d 766, 768 (8th Cir. 2003). In assessing the Plaintiff's RFC, the ALJ discussed at length the medical records presented to him by the Plaintiff. (R. 19-20.) The ALJ recognized that Plaintiff had exertional limitations due to her foot problems and found that Plaintiff could not perform past relevant work that required her to be on her feet continually. (R. 21.) In addition, the ALJ considered Plaintiff's testimony about limitations on the amount of weight she can carry and the amount of time she can spend sitting, standing, or walking. (R. 21.) Since the medical evidence and Plaintiff's testimony are consistent with the Commissioner's determination, this Court finds that the ALJ properly assessed the Plaintiff's RFC.

### D. Hypothetical Question

Plaintiff argues that the hypothetical question posed to the vocational expert did not include all of her impairments. Generally, the hypothetical question posed to the vocational expert must set forth the claimant's impairments with reasonable precision. Grissom v. Barnhart, 416 F.3d 834, 837 (8th Cir. 2005). However, the hypothetical question need only include the limitations and impairments the ALJ finds credible based on the whole record. Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001). Because the hypothetical question presented to the vocational expert included impairments that the ALJ found credible, the Court finds the Commissioner satisfied his burden of showing that Plaintiff could perform other work.

### III. CONCLUSION

After careful examination of the parties' briefs and the complete record, the Court finds that

the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Court AFFIRMS the Commissioner's decision denying Plaintiff's disability benefits after May 30, 2001.

    IT IS SO ORDERED.


Date:   March 20, 2006                                                                    /s/ DEAN WHIPPLE
                                                                                                      Dean Whipple
                                                                                United States District Court